Ms. Stull, you can begin whenever you're ready. May it please the Court, my name is Karen Stull and I represent the appellant, Mr. Garrison. The issue in this case is the standard of review that the Veterans Court should apply when reviewing the Board's determination of whether a written notice letter complies with the Notice Statute. We argue that while there are underlying factual issues that should be reviewed for clear error, the ultimate question of whether a particular letter or set of undisputed facts or set of found facts satisfies the statute is a question of law that should be reviewed to know them. As such, because the Veterans Court in this case applied the clearly erroneous standard to this ultimate question, we would ask that this Court remand the case to the Veterans Court to assess the issue under the proper standard. The Notice Statute is issued here, 38 U.S.C. section 503A. Now let me ask you Ms. Stull, excuse me for jumping in, but how do you get around Mayfield and also Nicholson, our two cases, in particular I guess Mayfield? Thank you. I'll start with Mayfield. And yes, we agree that Mayfield says that there are issues of fact, substantial issues of fact, but we would submit that Mayfield is not inconsistent with our position. Prior to Mayfield, the Veterans Court would review the ultimate question of whether the statute is complied with as a legal question, de novo. And we think that it was an unintended consequence of Mayfield to change that standard of review. If you look at the Mayfield decision, Mayfield was decided in the context of Chenery and looking at whether the Board should determine in the first instance whether up to your letter satisfies the statute, because there are a number of factual issues. But Mayfield did not say that there are no legal issues. Mayfield and the government in its brief at page 13 seems to agree that this is a mixed question and there could be facts issues and legal issues. And Mayfield doesn't address the standard of review. And Mayfield didn't have to address whether this is solely a factual issue or solely or has no legal component, because under Chenery, the only thing that this Court had to look at was whether there's some factual component that requires the Board to make a determination in the first instance. But isn't the question in this case, and in many cases, frequently one in which there is a legal component if there's a dispute about the law, and there's a factual component if there's a dispute about the facts, but if there's no dispute about the law, all that remains is a factual issue. That, it seems to me, from what I can see here, is what this case is all about. No one is arguing that, so far as I can tell, that there was a legal misinterpretation of the requirements of the notice statute. But rather, the question is one of whether there was actual compliance with those requirements in this case, which seems much more factual than legal in nature. Well, we would submit that actually there's undisputed facts here, and while it's not in the brief. The historical facts are undisputed, as they frequently are in cases involving notice, but that doesn't mean that the question is not still factual in nature. That is to say, given these historical facts, would a person understand that that person, an ordinary veteran, understand that this provides the information that the statute requires? Isn't that really what is at issue in this case? Well, what we would submit is that under the facts of this case, as a legal matter, the notice letter, which is found in the supplemental joint appendix in page 10, doesn't satisfy the statute. When you say it's a legal matter, what is the legal construction of the statute against which this letter falls short, and what's the legal proposition that you predicate that assertion on? The Veterans Court has held that, again, this is not in the briefs, but the Veterans Court has held that there are certain elements, information, that should be provided in these notice letters to the veterans. And that includes things like the fact that the veteran hasn't been able to maintain employment, hasn't been able to receive employment. So employer records, if you look at the letter that was sent to Mr. Garrison, it does talk about hospital records and medical records, but it doesn't talk about this additional evidence. And that would be a legal error. In addition, if you look at the letter, the first, again, at joint appendix page 10, the first paragraph talks about this being noticed for an increased claim. And then the letter goes on to talk about what he needed to provide to show that he simply was eligible for a claim at all. And so to that extent, the letter is ambiguous. And necessarily, in looking at those facts and interpreting the statute, necessarily in applying those facts to the statute, you have to make some sort of statutory interpretation of what the statute requires and whether the statute is met by those facts. What was the legal precedent set by the board's decision in terms of the interpretation of 5103A? While it's not on the face of the board's decision, it would be that the board failed to appreciate that the statute requires identification of employer records and employment history. It just needs to give more detailed information. A lack of specificity? Yes, of providing particular information, yes. And also that the letter itself is ambiguous in that it talked about an increased rating, while at the same time, it told Mr. Garrison what he needed to provide to establish a rating. But it seems to me that whether the letter is ambiguous or not is quintessentially factual. Well, we would submit that the record here before this court is incomplete on this issue. And that if you're going to hold, I think what the Veterans Court did in this circumstance was cite Mayfield and say, this is a factual issue. And I think the Veterans Court understood all of these notice issues as being factual issues as a result of Mayfield. And I think that what needs to be done is rename it to the Veterans Court so that it can decide in the first instance, for example, via the Lennox case, whether this is a case that is setting precedent, whether this is a case that's requiring statutory interpretation such that it should be reviewed de novo. Continuing with the Mayfield issue, if you look at the Veterans Court cases cited by Mayfield at 444F1335 for the purpose of showing that this is primarily a factual issue, you'll see that in those cases, yes, there's factual components, but there's a legal component too. For example, in the Hicks case, the Veterans Court stated, and this is the part that was cited by this court, the secretary's section 5103A obligation depends on the particular facts of the case. But then after the court deferred to the board's facts findings, it held, and I quote, that the secretary did not, as a matter of law, fail to comply with the statutory mandate in section 5103. We would submit, going back to your question, Judge Bryson, we would submit that there's other reasons. You need to look at the Miller case to determine... Miller v. Fenton? U.S. v. Miller, the Supreme Court case. Miller v. Fenton, I think. Yes. All right. To help assess whether the standard of review that should be applied here. As we've noted, the government agrees that there's a legal and factual issue, and the Supreme Court in Miller has noted that many issues fall somewhere between a pristine legal issue and a simple historical fact, and has offered guidance to help us determine in those circumstances who should be deciding the issue. And the Miller court advises that where there are credibility and demeanor issues, that the low end court is in a better position to decide the issue. Here, what we're talking about is whether a letter satisfies the statute. And in any event, once the underlying factual disputes are resolved, we would submit that the board is in no better position than the Veterans Court to decide the ultimate question of whether a written letter satisfies the statute. Moreover, we would submit that given the fundamental importance of this statute, which was enacted by Congress to essentially make sure a veteran has due process or full and fair process before the agency, that the Veterans Court is in a better position and that a higher degree of scrutiny should be applied to make sure that the agency is complying with the statute. Simply put, the Veterans Court should not defer to the agency's determination of whether it complied with this essentially due process requirement enacted by Congress. I would note that the notice statute issue here, as I was saying, is a cornerstone of Veterans Claims Assistance Act, which was enacted in order to address the perception that veterans were not getting a fair shake by the agency because they weren't being told before adjudication of their claims exactly what they needed to do to substantiate their claims. And as the Veterans Court recognized in its Mayfield decision, 5103A assumes a fundamental role in furthering an interest that goes to the very essence of the non-adversarial pro-claimant nature of the VA adjudication system. And as this court remarked in Hodge v. West, the ability of the board to render a fair or apparently fair decision may depend on the veterans' ability to ensure that the board has all the relevant evidence before it. So given the fundamental importance of this statute and the unique paternalistic nature of the veterans' benefits system, the fact that the Veterans Court has been enacted was created basically to serve as an independent check on the agency, we would submit that a higher degree of scrutiny is appropriate than a clearly developed standard. And I would note that what we're asking for here is not remarkable. I think if you look at the Robinette case and the Hicks case, which were both cited by this court in Mayfield for the proposition that this is a factual issue, both of those cases actually treated the ultimate question as a legal issue. And I also would recommend that the court consider the Hensley case. And the Hensley case, which this court in Mayfield said is a closer analogy, that Hensley case involved the prior notice statute and looked at whether a well-grounded claim, whether the issue of whether the veteran has presented a well-grounded claim, presents an issue of fact or an issue of law under the standard of review scheme. And this court held in that case, just as we ask for here, that the factual questions should be reviewed for clear error, but the ultimate question of whether a particular set of facts satisfies the statute should be reviewed de novo. And that's the relief we ask for here. Judge Schreller, you had asked me about the Nicholson case. And we would submit that the Veterans Court remanded Mr. Garrison's appeal back in May of 2001 for compliance with the notice statute. And so it's been six years now today. And if we are to now say that that was for nothing because, and it's okay that the notice letter was insufficient because actually the agency didn't even have a duty to issue a notice letter, that seems very unfair to Mr. Garrison. And as the Veterans Court is held in Stagall, U.S. So you're into your rebuttal. I think you wanted to reserve two minutes. Do you want to keep that? Yes, I would love to. Okay. Thank you. We'll give you your full two minutes on rebuttal, and we'll hear from the government. Mr. Hipp. May it please the Court, my name is Roger Hipp. My co-counsel is Michelle Bernstein, and we represent the Secretary of Veterans Affairs in this case. Because the Supreme Court has held that there is no bright line rule to distinguish between a question of law and a question of fact, the Court has to look to various factors that have been identified in the briefs. We submit that the most important factor is the interpretation function. The quintessential legal function is to interpret statutes, to interpret the law, create precedents. And the Veterans Court cannot do any of those things and was not asked to do any of those things, and we think that's the most important factor to be implied here. A secondary factor to be implied here is the pragmatic consideration about which judicial body is in the best position to make the determination in question. And we would submit that the Board, because it's closest to the facts, because it has the full record in front of it, because it's most familiar with the types of evidence necessary to establish the claim, is in the best position to make the determination about whether the notice requirements have been satisfied. With respect to the Mayfield case, certainly we would agree that Mayfield is distinguishable in the narrow sense that this is not a Chenery case, and the Chenery factors don't necessarily apply here. But the legal determination in Mayfield is that compliance with the notice provision was a substantially factual question, and Mr. Garrison has not been able to explain a logical basis for why something that is factual in nature for Chenery purposes is sometimes illegal in nature for purposes of the standard of review. As I understand Mr. Stoll's argument, yes, there may be underlying issues of fact, but the ultimate determination is a question of law. What's your reaction to that? We believe that the precedents of this Court are fairly clear that when you have an application of settled law into fact, that that is ultimately a factual determination. That comes out of the Lennox case. That's true in other areas of law, such as the patent law and investment law requirement. Application of that statute into facts is considered to be a question of fact. We've cited the commercial energies case, which was a small business preference case. The Court said that when we're construing the small business preference statutes, that's a legal function. When we're reviewing the application of that statute into facts, that's a factual determination. We think that those precedents are also in line with the Mayfield case, that application of law that does not involve an interpretative question, that does not involve setting a precedent, is ultimately a question of fact. Thank you. And I believe that the issues are fairly straightforward as identified in the briefs, and that's really the extent of my presentation. So if there aren't further questions, we would just submit that the decision of the Veterans Court ought to be reviewed. Thank you. Ms. Stoll, you have your full two minutes of your rebuttal. Thank you. Thank you. Thank you, Ms. Stoll. Thank you, Ms. Hipp. The case is submitted. All rise. The audit report is adjourned until this afternoon. Acts to apply.